·MARSH INVESTMENT CORPORATION, Plaintiff,

v.

John A. LANGFORD, et al., Defendants

PONTCHARTRAIN STATE BANK, Defendant/Third-Party Plaintiff/Appellant,

v.

Eunice K. LANGFORD, Third-Party Defendant/Appellee.

No. 85–3570

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 3, 1986.

Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Michael R. Allweiss, New Orleans, La., for defendant/third-party plaintiff/appellant.

Don M. Richard, Lemle, Kelleher, New Orleans, La., for third-party defendant/appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

GEE, Circuit Judge:

The facts of this case are set out in detail at 721 F.2d 1011. In brief, the appellant challenges, on grounds of fraud, a settlement agreement that it entered into with one of the appellees. The question presented is whether the appellant has waived its claim for recission of the fraudulently-induced settlement agreement through its negligence.

Title XVII of Book III of the Louisiana Civil Code, "Of Transaction or Compromise," contains 13 articles that specifically govern settlement agreements. Article 3071 provides, in pertinent part, that

A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the. manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. (emphasis in the original)

Two other articles in Title XVII are particularly pertinent:

Art. 3079. A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in cases where there exists fraud or violence.

Art. 3081. A compromise entered into on documents which have since been found false, is null *in toto.* (emphasis in the original).

Under the framework of the Civil Code, compromises are a species of contract, and the provisions of the Code governing contracts in general are thus also applicable. *Cole v. Lumbermens Mutual Casualty Company*, 160 So.2d 785, 787–789 (La.App. 3d Cir.1964) (Tate, J.).

Louisiana Civil Code Art. 1847 (1870) [1] provided in pertinent part:

Art. 1847. Fraud, as applied to contracts, is the cause of error bearing on a material part of the contract, created or contrived by artifice, with design to obtain some unjust advantages to the one party, or cause an inconvenience or loss to the other. From which definition are drawn the following rules:

\*    \*    \*    \*    \*    \*

3. A false assertion as to the value of that which is the object of the contract, is not such an artifice as will invalidate the agreement, *provided the object is such a nature and is in such a situation that he, who is induced to contract by means of the assertion, might with ordinary attention have detected the falsehood....* (emphasis added).

It is clear to us that the pre-1985 Louisiana Civil Code contemplated that contracts may be rescinded for fraud, but where the defrauded party might have detected the fraud but for his negligence, he is estopped from claiming recission. See also *La Croix v. Recknagel*, 230 La. 842, 89 So.2d 363, 366–367 (La.1956).[2]

---

1. The Louisiana Legislature, in Act No. 331 of its 1984 Session, completely overhauled Titles III and IV of the Civil Code, dealing with "Obligations in General," and "Conventional Obligations," respectively. The newly revised Titles III and IV of Book III took effect January 1, 1985. Since this case arose under the prior law, that is what we apply.

2. Our resolution of this issue is supported by Art. 1954 of Title IV of the 1984 revision. It provides in pertinent part:

Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill.

The record amply supports the district court's finding, 620 F.Supp. 880, that the appellant was negligent in relying upon Langford's representations. Accordingly, the appellant is estopped from claiming recission of the settlement agreement. The district court's judgment is therefore

AFFIRMED.